<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| V. PATEL AND SONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> SHREE SHIV SHAKTI FOOD, INC., et al., <br><br> Defendants. | CIVIL NO. 06-01978 (SRC) <br><br> **ORDER AND OPINION** |

<u>**CHESLER, District Judge**</u>

This matter comes before the Court on Plaintiff's unopposed application [docket #56] to enforce the consent order and for an award of attorney's fees and costs against Defendant Bhavani Foods, Inc. ("Bhavani").

Plaintiff filed its complaint in this matter on April 24, 2006, alleging trademark infringement and unfair competition against Defendants Shree Shiv Shakti Food, Inc., Patel Food Mart Inc., and Patel Food Market Inc. On September 7, 2006, Plaintiff amended its complaint, adding additional Defendants, among them Bhavani.

Plaintiff and Defendants, including Bhavani, settled this action on October 13, 2006. The terms of this settlement were submitted to the Court on November 20, 2006, and on November 28, 2006, the Court entered a Consent Order of Dismissal incorporating the terms of the written settlement agreement. By the terms of the consent order, this Court retained "jurisdiction of this action solely to enforce, if necessary, the terms of the Agreement of Settlement by summary of other proceeding."

Consent Order, at 2.

Pursuant to the settlement agreement, Bhavani agreed to "change the name of the Iselin store and any associated marks used by it in connection with operation of this store to eliminate the word PATEL" before November 15, 2006.  Settlement Agreement, ¶ 6.  In addition, although Bhavani was allowed to use "price stickers reflecting the Patel Food Market name that were affixed to good prior to November 15, 2006," the settlement agreement prohibited the Iselin store from using such stickers on products received after November 15, 2006.  Settlement Agreement, ¶ 6,17.

On December 14, Plaintiff visited Bhavani's Iselin store.  Plaintiff found that, although the exterior sign had been changed, a sign saying "Welcome to Patel Food Market" remained inside the store.  Plaintiff also observed employees of the store affixing "Patel Food Mkt" price stickers to many products.  Almost all the products in the store contained a "Patel Food Mkt" price sticker.  Counsel for Plaintiff contacted Bhavani's counsel on December 15, 2006 and January 8, 2007, indicating that Plaintiff would seek relief from the Court if Bhavani failed to comply with the terms of the settlement agreement.  Plaintiff visited the Bhavani store again, on January 23, 2007, and observed that the "Welcome to Patel Food Market" remained in place and that the store continued to use "Patel Food Mkt" price stickers.  By letter to Bhavani's counsel, Plaintiff again requested compliance with the settlement agreement, and indicated its willingness to initiate enforcement proceedings.

On February 7, 2007, Plaintiff filed the present motion, seeking to enforce the consent order and for attorneys' fees and costs associated with enforcing the consent order and settlement agreement.  In support of this motion, Plaintiff attached

documentary evidence of the breaches, including photographs of the sign and the price stickers. Shortly after this motion was filed, on February 22, 2007, counsel for Bhavani filed a motion to be relieved as counsel. [docket #58]. This Court granted that motion on February 26, 2007, and further ordered that "[s]hould Bhavani Foods Inc. fail to retain counsel to defend these proceedings, Plaintiff's application shall be treated as unopposed." An order to show cause was issued on February 28, 2007, directing Bhavani to show cause why it should not be enjoined. There has been no notice of appearance filed on behalf of Defendant Bhavani, and no papers were filed in opposition to the order to show cause. As such, Plaintiff's motion will be treated as unopposed.

Plaintiff is entitled to an order requiring Bhavani to comply with the consent order and the settlement agreement. As shown by the photographs submitted to the Court, Bhavani is clearly in breach of the settlement agreement and consent order. These photographs indicate that Bhavani continues to use the word "Patel" in signs and on price stickers, in clear violation of the settlement agreement and consent order.

Plaintiff is also entitled to an award of attorney's fees and costs. This Court has discretionary power to award attorneys' fees "when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991). "Refusal to abide by the terms of a settlement agreement can constitute bad faith, entitling the wronged party to attorneys' fees." *In re: Elonex Phase II Power Management Litigation*, No. 01-082, 2003 U.S. Dist. LEXIS 10717, at *11-12 (D.N.J. June 13, 2003). Bhavani has repeatedly refused to comply with its obligations under the agreement by failing to remove the "Patel Food Market" sign and by

continuing to use "Patel Food Mkt" price stickers.  Counsel for Plaintiff has contacted Bhavani about these violations a number of times, and still Bhavani has failed to comply with the consent order and settlement agreement.  Moreover, Bhavani failed to provide this Court with any reason for its non-compliance.  As such, the Court finds that Bhavani's repeated attempts "at avoidance of its obligation under the settlement agreement are both in bad faith and vexatious," *In re: Elonex*, 2003 U.S. Dist. LEXIS 10717 at *12, and grants Plaintiff's motion for an award of attorneys' fees and costs.

**THEREFORE,** for the reasons stated above and for good cause shown,

**IT IS** on this 15th day of March, 2007, hereby

**ORDERED** that Defendant Bhavani remove its "Welcome to Patel Food Market" sign, and any "Patel Food Mkt" price stickers on any product, and otherwise cease using the name PATEL in the operation of its store, as required by the terms of the Consent Order of Dismissal and Agreement of Settlement, within forty-eight hours of service of this Order; and it is further

**ORDERED** that Plaintiff V. Patel & Sons, Inc. be awarded reasonable attorneys' fees and costs incurred in bringing the motion to enforce the consent order against defendant Bhavani, in an amount to be determined by the Court on the submission of an affidavit or declaration of Plaintiff's counsel, which shall be submitted to the Court and served upon Defendant Bhavani within ten days of the entry of this Order.

     /s/ Stanley R. Chesler  
     Stanley R. Chesler, U.S.D.J.